ALD-210                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1041
_____

CELIN DARIO VELIZ MILIAN,
                                                    Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A087-595-837)
Immigration Judge:  Honorable Shifra Rubin
_____

Submitted on Respondent's Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
August 4, 2022

Before:  JORDAN, RESTREPO and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 17, 2022)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Celin Dario Veliz Milian petitions for review of a final order of removal. Presently before the Court is a motion filed by the Government for summary disposition of the petition for review. For the foregoing reasons, we grant the Government's motion and deny the petition for review.[1]

Milian, a native and citizen of Guatemala, entered the United States without inspection in June 2007. The Government charged him as removable in 2010 for being present without having been admitted or paroled. Milian thereafter filed applications for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), claiming that he feared returning to Guatemala; he sought voluntary departure in the alternative. After a hearing before the Immigration Judge ("IJ"), the IJ denied his applications for asylum, withholding of removal, CAT relief, and granted his application for voluntary departure. Regarding his asylum claim, the IJ concluded that Milian was not eligible for asylum because he failed to file his application within one year of entry. Regarding his withholding of removal claim, the IJ concluded that Milian failed to meet his burden to demonstrate past or future persecution and failed to demonstrate membership in a particular social group. Regarding CAT relief, the IJ concluded that

---

[1] Although we have entertained the Government's motion, we remind the Government that such a motion should typically be filed before the petitioner's opening brief is due. See 3d Cir. LAR 27.4(b).

2

Milian failed to show that it was more likely than not he would be tortured by or with the consent or acquiescence of a public official if he returned to Guatemala.

Milian appealed to the Board of Immigration Appeals ("BIA"), challenging aspects of the IJ's ruling on his withholding application. The BIA dismissed the appeal and affirmed the IJ's decision regarding Milian's withholding of removal claim and declined to consider the IJ's decision regarding asylum and CAT relief, concluding that Milian failed to raise the issues on appeal and they were therefore waived.

Milian filed a counseled petition for review in this Court. After he filed his opening brief, the Government filed a motion to summarily deny his petition.

We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1). See Cruz v. Att'y Gen., 452 F.3d 240, 246 (3d Cir. 2006). We will take summary action if "no substantial question is presented" by the petition. 3d Cir. L.A.R. 27.4.

To the extent that Milian challenges the IJ's denial of his applications for asylum and CAT relief, he failed to exhaust these issues before the BIA. Therefore, we lack jurisdiction to review the claims. See 8 U.S.C. § 1252(d)(1); Zheng v. Gonzales, 422 F.3d 98, 107–08 (3d Cir. 2005).

This Court is similarly largely without jurisdiction to review Milian's arguments regarding his withholding of removal claim. While Milian challenged certain aspects of the IJ's denial of withholding of removal before the BIA, he failed to present any challenge to the IJ's decision regarding his proposed social group and the standard of

review employed by the IJ. Accordingly, we conclude that Milian "did nothing to alert the BIA that he was challenging" these aspects of the IJ's decision. See Lin v. Att'y Gen., 543 F.3d 114, 120–21 (3d Cir. 2008). However, we note that Milian argues before this Court, as he did before the BIA, that he was unable to relocate safely within Guatemala. While this argument was properly exhausted, it provides Milian no relief. Neither the BIA nor the IJ based its decision on Milian's ability to relocate within Guatemala; rather, both concluded that Milian had failed to establish harm rising to the level of persecution or membership in a cognizable particular social group.

Finally, we agree with the Government's contention that Milian's due process claim is without merit. Milian appears to argue that his due process rights were violated because the IJ and BIA ignored controlling precedent; specifically, he contends that the BIA followed Matter of A-B-, 27 I & N Dec. 316 (A.G. 2018), despite having been directed not to. See Matter of A-B-, 28 I & N 307 (A.G. 2021). However, our review of the BIA's decision shows that the agency did not rely on the vacated decision and that the vacated decision does not otherwise impact Milian's case.

Accordingly, we grant the Government's motion and will deny the petition for review.